UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KOTONE WEST, ET AL.,

    Plaintiffs,
v.    Case No. 8:09-cv-2098-T-33TBM

ADVANTIS REAL ESTATE SERVICES
COMPANY, ADVANTIS CONSTRUCTION
COMPANY, ADVANTIS HOLDINGS, LLC,
JEFFREY T. NEAL, individually,
and ROBERT L. BRUMM,
individually,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiffs' Motion for Entry of Default Final Judgment (the "Motion" Doc. # 34), which was filed on March 29, 2010. In the Motion, the named Plaintiffs (Kotone West, Aimee Bowyer, Karen Ash, Marvin Diaz, Michelle Simpson, Sharon Woosley, and Michael Kinny) as well as the opt-in Plaintiffs who have filed consents to join this suit, request an order granting separate default judgments in Plaintiffs' favor in a different amount for each Plaintiff.[1] The total amount of wages and liquidated damages sought in this Fair Labor Standards Act case is $43,092.40.

---

[1] In total, there are thirty-six Plaintiffs, including named and opt-in Plaintiffs.

This amount includes liquidated damages. Plaintiffs also request attorneys' costs in the amount of $1,368.81. (Doc. # 34 at 5-6). Plaintiffs supported the Motion with a declaration filed under penalty of perjury by each Plaintiff and opt-in Plaintiff describing the wages owed. For the reasons that follow, the Court will grant the Motion.

I. **Default**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter a party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); DirecTV, Inc. v. Griffin, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court

must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact and bars the defendant from contesting those facts on appeal. Id.

II. **Analysis**

On October 16, 2009, Plaintiffs, on behalf of themselves and those similarly situated, filed a complaint against Defendants Advantis Real Estate Services Company, Advantis Construction Company, Advantis Holdings, LLC, Jeffrey T. Neal, and Robert L. Brumm for minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, 29 U.S.C. § 216(b). (Doc. # 1).

Defendants were served with the complaint and summons and they failed to file responsive papers. (Doc. ## 5, 6, 7, 18, 19). Accordingly, the Clerk entered a default pursuant to Rule 55(a), Fed.R.Civ.P., against each Defendant on January 14, 2010. (Doc. ## 9, 10, 11, 21, 25).

However, on March 12, 2010, a month after the Clerk entered a Rule 55(a) default against Defendant Robert L. Brumm, Mr. Brumm, pro se, filed a purported answer to the complaint. (Doc. # 31). Therein, Mr. Brumm stated:

You filed against me individually claiming I was

3

> the employer when in fact I was an employee. With
> the exception of points 12 and 13, I do not think
> there is a disagreement as to the events that
> transpired. I would put me in the Plaintiff
> category as I too did not receive wages for the
> time worked. I do not have the money to hire an
> attorney so I do not really know how to respond in
> legalese as to why your characterization of me as
> an employer . . . is incorrect. I have not worked
> since July of last year when I was fired along with
> every other employee of the company.

(Doc. # 31 at 1).

This Court directed Plaintiffs to respond to Mr. Brumm's submission, and on April 27, 2010, Plaintiffs filed their detailed response. (Doc. # 36). Therein, Plaintiffs explain that Mr. Brumm is a proper Defendant in this action because the FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Eleventh Circuit has held, "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986)(internal citations omitted).

Mr. Brumm was the Chief Operational Officer of Advantis, and he failed to defend in this action. His pro se submission cannot overcome Plaintiffs' well-pleaded complaint and is not

4

sufficient to set aside the default entered against him by the Clerk. (Doc. # 25).

Based upon the Clerk's Defaults, the well-pleaded factual allegations contained in the complaint, and Plaintiffs' detailed declarations, the Court determines that the Motion is due to be granted. Plaintiffs are collectively entitled to a judgment against Defendants, jointly and severally, in the amount of $43,092.40. This amount includes liquidated damages. Plaintiffs are also entitled to attorneys' costs in the amount of $1,368.81. Because each of the thirty-six Plaintiffs in this action request an individual default judgment, the Court directs that the Plaintiffs prepare proposed default judgments in WordPerfect® format and submit them to the Court's email address: chambers_flmd_covington@flmd.uscourts.gov. After the default judgments have been executed by the Clerk and filed, the Clerk shall close this case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Plaintiffs' Motion for Entry of Default Final Judgment (Doc. # 34) is **GRANTED**.
2. Plaintiffs shall submit to the Court a proposed default judgment for each individual Plaintiff for execution by

the Clerk, as described above.

3. After each judgment has been filed, the Clerk shall close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>25th</u> day of May 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record